IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Ralph Delahoussaye, #80635, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No. 9:07-385-HMH-GCK |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Stan Burtt, Warden Lieber Correctional Institution, | ) ) | |
| | ) | |
| Respondent. | ) | |

    This matter is before the court with the Report and Recommendation of United States Magistrate Judge George C. Kosko, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Ralph Delahoussaye ("Delahoussaye") is a pro se state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. In his Report and Recommendation, Magistrate Judge Kosko recommends granting the Respondent's motion for summary judgment. For the reasons set forth below, the court adopts the Magistrate Judge's Report and Recommendation and grants the Respondent's motion for summary judgment.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

1

## I. Factual and Procedural Background

Delahoussaye is currently incarcerated in the Lieber Correctional Institution, which is operated by the South Carolina Department of Corrections ("SCDC"). On March 9, 1976, the Honorable Clarence Singletary of the Ninth Judicial Circuit Court of General Sessions in Charleston, South Carolina, sentenced Delahoussaye to twenty-five years' imprisonment after a jury found him guilty of armed robbery ("state conviction"). (PCR App. 34.) Delahoussaye appealed his conviction and sentence, and on November 12, 1976, the South Carolina Supreme Court affirmed both. (Id. at 39.)

Four days after the South Carolina Supreme Court affirmed Delahoussaye's conviction, he escaped from custody. (Id. at 39-40.) While an escapee, Delahoussaye committed the federal crimes of conspiracy to kidnap, conspiracy to transport a stolen motor vehicle across state lines, and the use of a firearm in the commission of a felony. On February 4, 1977, Delahoussaye was sentenced in the United States District Court for the Middle District of Georgia to forty-five years' imprisonment in federal custody. (Id. at 62-63.) The SCDC issued a detainer against Delahoussaye on August 7, 1979, because Delahoussaye had not completed his sentence for armed robbery and had outstanding charges against him related to his escape. (Id. at 54.) Eventually, the charges relating to his escape were dismissed, and the corresponding detainer relating to those charges was considered void for lack of prosecution. (PCR App. 40.)

On February 2, 2002, Delahoussaye was returned to SCDC custody to complete his sentence for the state conviction. (Id.) Delahoussaye was given no service credit from the

2

time of his escape on November 17, 1976, until his return to SCDC custody on February 2, 2002.  (Id.)

Delahoussaye filed his first application for post-conviction relief on September 28, 1979, in the Ninth Judicial Circuit Court of Common Pleas in Charleston, South Carolina. (Id. at 24.)  That action was continued indefinitely, due to Delahoussaye's out-of-state federal incarceration, until his return to South Carolina.  (Id.)  Delahoussaye filed a second application for post-conviction relief on March 10, 1991, in the Ninth Judicial Circuit Court of Common Pleas in Charleston, South Carolina.  (PCR App. 23.)  This action was dismissed as well, because Delahoussaye had not yet returned to South Carolina.  (Id. at 28.)

After returning to South Carolina on February 2, 2002, Delahoussaye filed a third application for post-conviction relief in the Ninth Judicial Circuit Court of Common Pleas in Charleston, South Carolina, on June 18, 2002.  (Id. at 1.)  He was represented in the matter by retained counsel Laura S. Knobeloch ("Knobeloch").  (Id.)  Delahoussaye raised two grounds for relief: (1) his trial counsel was ineffective for "failure to investigate defense and potential witnesses," and (2) he should receive credit for the time served in federal custody pursuant to the South Carolina Supreme Court's holding in Robinson v. South Carolina, 495 S.E.2d 433 (1998) (holding that a federal prisoner be given credit from the time state issued detainer because detainer places defendant in constructive custody of state).  (PCR App. at 2.)

At a hearing held on September 9, 2002, before the Honorable A. Victor Rawl, Knobeloch abandoned the issue relating to ineffective assistance of counsel.  Knobeloch, relying on Robinson, argued that Delahoussaye was entitled to credit on his South Carolina sentence from August 7, 1979, the date on which the SCDC issued a detainer on

Delahoussaye while he was in federal custody. (Id. at 49.) On December 6, 2002, Judge Rawl granted Delahoussaye's application for post-conviction relief and directed that his "sentence be recalculated so that he be given credit for time spent in federal custody since August 7, 1979." (Id. 39-44.)

The State of South Carolina filed a timely notice of appeal and filed its petition for writ of certiorari on February 4, 2004. (Id. at 44.) On July 17, 2006, the South Carolina Supreme Court entered an opinion affirming in part and reversing in part the order granting state post-conviction relief. Delahoussaye v. State, 633 S.E.2d 158, 159 (2006). In relevant part, the court reversed the PCR court's ruling that Delahoussaye was entitled to credit on his South Carolina armed robbery sentence for federal time served. The court distinguished Delahousseye's case from Robinson because of his escape from SCDC custody and held that "an escapee cannot be credited with time served in another jurisdiction on a subsequent crime." Id. at 529. Further, the court noted that the federal trial judge explicitly stated that Delahoussaye's federal sentence was "separate and distinct of all other sentences that have been imposed or that may be imposed by any other court. Id. at 523.

Delahoussaye filed the instant petition on February 7, 2007.[2] Magistrate Judge Kosko authorized service of process on the Respondent on February 14, 2007. On May 9, 2007, the Respondent filed a motion for summary judgment. The Magistrate Judge issued an order to Delahoussaye pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Delahoussaye

---

[2] See Houston v. Lack, 487 U.S. 266 (1988).

filed a response in opposition to the Respondent's motion for summary judgment on May 21, 2007.

In the instant petition, Delahoussaye set forth two grounds for relief: (1) "Did the State of South Carolina Relinquish Jurisdiction when the State failed to entertain Interstate Agree[ment], and (2) "Did the State Court err in denying Petitioner Relief on Writ of Cert[iorari]." (Delahoussaye's § 2254 Pet. 5-6.)

Magistrate Judge Kosko recommends granting the Respondent's motion for summary judgment on the grounds that Delahoussaye's first claim "is purely a matter of state law" and that his second claim alleges errors occuring in his state PCR proceedings, which cannot serve as a basis for federal habeas corpus relief. (Report and Recommendation 17-18.)

## II. DISCUSSION OF THE LAW

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry

of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

Moreover, "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). With respect to this burden, "it is the responsibility of the [nonmovant], not the court, to identify with particularity the evidentiary facts existing in the record which can oppose the [movant's] summary judgment motion." Malina v. Baltimore Gas & Elec. Co., 18 F. Supp. 2d 596, 604 (D. Md. 1998).

### B. Standard of Review in a § 2254 Petition

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim –
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

As "a determination of a factual issue made by a State court shall be presumed to be correct," Delahoussaye has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). With respect to reviewing the state court's

application of federal law, "'a federal habeas court may grant the writ if the state court identifies the correct governing principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (quoting Williams v. Taylor, 529 U.S. 362, 413 (2000)). Further, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Humphries, 397 F.3d at 216 (quoting Williams, 529 U.S. at 410). "Thus, to grant [Delahoussaye's] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).

### C. Objections to the Report and Recommendation

Delahoussaye filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Delahoussaye's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate his claims. However, Delahoussaye specifically objects to the Magistrate Judge's conclusion that Delahoussaye's first claim involves purely matters of state law.

Specifically, Delahoussaye objects to the Magistrate Judge's failure "to recognize the violation of federal law and the U.S. Constitution that arise when the state impose serious sanction as said for an alleged crime of escape that was not reviewable by the judiciary." (Objections 5.) In support of this objection, Delahoussaye argues that because the South Carolina criminal charges relating to his escape were ultimately dropped for lack of evidence, he was "entitled, as a matter of law, to the application of the Robinson rule." (Id. at 3.) Delahoussaye contends that the South Carolina Supreme Court's refusal to apply the Robinson rule and give him service credit for his time spent in federal custody violated his due process rights. (Id. at 2, 6.)

 Delahoussaye did not raise the above argument alleging a violation of his right to due process in his PCR action. Therefore, this argument is procedurally barred unless Delahoussaye "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice." See Matthews v. Evatt, 105 F.3d 907, 916 (4th Cir. 1997) (internal quotation marks omitted). Delahoussaye has not established cause for the default or demonstrated that failure to consider his claim will result in a fundamental miscarriage of justice. Further, even if he could make this showing, the court finds no violation of Delahoussaye's right to due process by the South Carolina Supreme Court's holding that he did not receive service credit for his federal sentence. See Aycox v. Lytle, 196 F.3d 1174, 1180 (10th Cir. 1999) (holding that New Mexico's decision to deny an escaped prisoner credit for a subsequently-imposed sentence in California did not deny him due process of law). Therefore, after review of the Magistrate Judge's Report and the record

8

in this case, the court adopts Magistrate Judge Kosko's Report and Recommendation.

It is therefore

**ORDERED** that the Respondent's motion for summary judgment, docket number 12, is granted.

**IT IS SO ORDERED**.

                                            s/Henry M. Herlong, Jr.
                                            United States District Judge

Greenville, South Carolina
July 24, 2007

### NOTICE OF RIGHT TO APPEAL

The petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.